UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
CINDY CHAVIS,

           Plaintiff,

-vs-

MARGARET PALUMBO, sued in her
individual capacity, and JOHN DOES
I through III, sued in their individual
capacities,

           Defendants.
-------------------------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

**07 CIV. 8086**

**JUDGE KARAS**

## INTRODUCTION

1. Plaintiff brings this action to redress the violation of her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

2. Plaintiff, Cindy Chavis, resides in Poughkeepsie, New York, within this judicial district.

3. Defendant, Margaret Palumbo, is a state actor sued in her individual capacity.

4. Defendants John Does I through IV are police officers sued in their individual capacities.

## JURISDICTION AND VENUE

5. As plaintiff brings this action to enforce the First, Fourth and Fourteenth Amendments to the United States Constitution, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4) and 42 U.S.C. §§ 1983 and 1988.

6. As the events giving rise to this action occurred in Dutchess County, this case is properly venued in the Southern District of New York.

**FACTUAL AVERMENTS**

7. Plaintiff is a mentally-challenged woman. At all times relevant to this case, she was receiving Section 8 housing benefits until defendant revoked them in February 2006.

8. On April 4, 2006, pursuant to 25 C.F.R. § 982.55, plaintiff attended an informal evidentiary hearing to determine if the City of Poughkeepsie Office of Social Development properly terminated her entitlement to Section 8 assistance.

9. At the hearing, it became evident to plaintiff that defendant Palumbo, Section 8 Administrator for the City of Poughkeepsie Office of Social Development, had spoken with plaintiff's abusive husband in attempting to establish that he had resided at plaintiff's home without permission in violation of plaintiff's subsidy agreement.

10. Upset that Palumbo had revealed sensitive information to plaintiff's estranged husband, plaintiff complained at the hearing that Palumbo had placed plaintiff and her children in danger.

11. Plaintiff's complaint at the hearing was speech on a matter of public concern as she protested the competence and judgment of a public official. Moreover, plaintiff's comments were not testimony but her spontaneous reaction to Palumbo's statements at the hearing.

12. In retaliation for plaintiff's speech, Palumbo stopped the hearing and summoned

police officers, John Does I through III, to the hearing room. Acting at Palumbo's command and without exigent circumstances or any basis to believe that plaintiff was dangerous or posed a safety risk, the police brought plaintiff to an adjacent room and subjected her to a degrading search.

13. After making it clear that she was not free to leave, the officers searched plaintiff by making her pull up her shirt and patting her body down and touching her between her legs. When plaintiff asked the officers what was going on, they told her to "shut up."

14. Plaintiff was so upset by the search that the hearing officer ended the hearing for the day.

15. The unlawful search described herein embarrassed and humiliated plaintiff and caused her significant pain and suffering.

## CAUSES OF ACTION

16. Plaintiff incorporates the allegations in ¶¶ 1-15 as if fully re-stated herein.

17. In subjecting plaintiff to a degrading and unnecessary search and seizure, defendant Palumbo retaliated against plaintiff in violation of the First Amendment to the U.S. Constitution.

18. In subjecting plaintiff to a degrading and unnecessary search and seizure, defendants Palumbo and John Does I through III violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff compensatory damages for the pain and suffering she sustained as a result of the unlawful actions described above;

d. award to plaintiff punitive damages against the individual defendants to punish them for the willful and malicious retaliation described above;

e. award to plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

f. award any other relief deemed just and proper.

Dated:    September 12, 2007

Respectfully submitted,

S/ _____
STEPHEN BERGSTEN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff